**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DONALD MAGILL and** | |
| **STACY MAGILL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )          **Case No. 4:05CV547MLM** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion for Partial Summary Judgment filed by Plaintiffs Donald Magill and Stacy Magill (jointly, "Plaintiffs"). Doc. 20. Defendant the United States of America ("Defendant") filed a Response. Doc.24. Plaintiffs filed a Reply. Doc. 26. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). Doc. 23.

## BACKGROUND

Plaintiffs allege in Count I of their First Amended Complaint that on May 21, 2004, Plaintiff Donald Magill was operating his motor vehicle on Highway 67[1] near its intersection with Barron Road in Poplar Bluff, Missouri, when Gary Lynn Sparkman, a United States Postal Service driver operating a United States Postal Service vehicle, pulled directly into Mr. Magill's path and struck him; that as a result Mr. Magill suffered severe, permanent, and disabling injuries; and that Defendant, through the acts of Mr. Sparkman, breached the duty to yield by pulling into the intersection and contacting Mr. Magill's vehicle in his lane of travel. In Count II, Plaintiffs allege that Plaintiff Stacy Magill, the wife of Mr. Magill, suffered loss of society, comfort, companionship, service, and

---

[1]          Highway 67 is also known as Westwood.

consortium as a result of the conduct described in Count I on the part of Mr. Sparkman. It is undisputed that at the time of the accident Mr. Sparkman was an employee of the Postal Service; that Mr. Sparkman was acting within the course and scope of his employment at the time of the accident; that the accident at issue occurred at the intersection of Westwood and an access road near Barron Road; that Mr. Sparkman was headed southwest on the access road at the time of the accident; that at the time of the accident Mr. Magill was driving a motorcycle which was heading north on Westwood; that there is no stop sign or stoplight for traffic on Westwood at the intersection; that traffic on Westwood has the right of way; that Mr. Sparkman knew at the time of the accident that he had a stop sign and that traffic on northbound Westwood was through traffic; that Mr. Sparkman stopped at the stop sign on the date of the accident; that Mr. Sparkman could see 500-600 feet to the south while stopped at the intersection looking for traffic coming north on Westwood; that Mr. Sparkman looked to his left, to his right, to his left again, pulled forward and the impact occurred within two to three seconds of his pulling forward; that Mr. Sparkman never saw Mr. Magill's vehicle before impact; that Mr. Sparkman has no estimate of the speed of Mr. Magill's vehicle at impact; that Mr. Magill's vehicle was in the east lane of northbound Westwood; that the impact occurred in the intersection of the access road and Westwood in Mr. Magill's lane of travel; and that when Mr. Sparkman stopped his vehicle after impact he was still in the east lane of Westwood. [2]

---

[2] With their Motion for Partial Summary Judgment Plaintiffs filed a Statement of Uncontroverted Material Facts. Defendant does not controvert Plaintiffs' Statement of Uncontroverted Material Facts. Doc. 21; Doc. 24 at 1. Defendant filed a Statement of Material Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment. Plaintiffs have not specifically admitted or denied Defendant's Statement of Material Facts although Plaintiff did address many of Defendant's Facts in its Reply brief. Additionally, the court notes that facts alleged by both parties as undisputed reference deposition testimony.

Also, Mr. Magill testified in his deposition that his wife, Ms. Magill, was traveling in a vehicle directly in front of his motorcycle at the time of the collision; that his vision was not obstructed prior to the accident; that he saw a Postal Service vehicle slowing to a stop prior to the Postal Service vehicle reaching the stop sign; that after he saw the Postal Service vehicle slowing to a stop Mr. Magill did not look back at the Postal Service vehicle prior to impact; that from the first time he saw a Postal Service vehicle slowing down until the time of impact it was just a couple of seconds, "[i]f that"; that at the time of the accident he was traveling "thirty, thirty-five" miles per hour; that the applicable speed limit was "thirty-five, forty" miles per hour; and that Mr. Magill saw the Postal Service vehicle "right out of peripheral vision as it was hitting [him]." Def. Ex. A at 61-65. Ms. Magill testified in her deposition that she has no recollection of seeing the Postal Service vehicle at the intersection prior to the accident.

In their Motion for Partial Summary Judgment Plaintiffs contend that there is no genuine issue of any material fact and that, therefore, they are entitled to summary judgment on the issues of Mr. Sparkman's negligence and Mr. Magill's comparative fault.

## STANDARD FOR SUMMARY JUDGMENT

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn.

& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Plaintiffs' motion.

## DISCUSSION

In support of the Motion for Partial Summary Judgment Plaintiffs contend that Mr. Magill's vehicle would have been visible to Mr. Sparkman if he had been exercising the highest degree of care and keeping a careful lookout for oncoming traffic; that the undisputed facts establish that Mr. Magill was traveling at or under the lawful speed limit within his lane of travel; and that Mr. Magill was struck by Defendant's vehicle while crossing through the intersection where he had the right -of-way. Plaintiffs further contend that while Defendant asserts comparative fault as an affirmative defense, a defendant is not entitled to a comparative fault instruction unless there is substantial evidence that

the plaintiff's conduct was a contributory cause of the damage. Plaintiffs argue that there is not substantial evidence of Mr. Magill's comparative fault in the matter under consideration, and that, therefore, judgment should be entered in favor of Plaintiffs on the issue of liability and comparative fault.

Defendant has pleaded comparative fault as an affirmative defense and contends that Mr. Magill's injuries were solely and proximately caused by his own negligence, carelessness, or recklessness and that Ms. Magill's damages were solely and proximately caused by the negligence, carelessness, or recklessness of Mr. Magill. Defendant further contends that Mr. Magill's fault and/or negligence in causing or contributing to the accident must be compared against the fault and/or negligence, if determined, of Defendant; that Mr. Magill's recovery, if any, must be diminished in proportion to Mr. Magill's negligence; and that Ms. Magill's recover, if any, must be diminished in proportion to Mr. Magill's negligence.

The elements of negligence in Missouri include: "(1)[a] legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property." Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996) (citing Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 431 (Mo.1985) (en banc); Zafft v. Eli Lilly & Co., 676 S.W.2d 241, 244 (Mo.1984) (en banc)).

Under Missouri law "[e]very motorist entering an intersection has a duty to exercise the highest degree of care to maintain a careful lookout both ahead and laterally." Rill v. Trautman, 950 F.Supp. 268, 272 (E.D. Mo. 1996) (citing Witt v. Peterson, 310 S.W.2d 857, 860 (Mo.1958)). "To fulfill this duty, [a] defendant '[is] required to look in such an observant manner as to enable him to

see what a person in the exercise of the highest degree of care for the safety of himself and others would be expected to see under similar circumstances.'" Id. (quoting Joffe v. Beatrice Foods Co., 341 S.W.2d 880, 884 (Mo. Ct. App.1960)). The court further explained in Hudson v. Whiteside, 34 S.W.3d 420, 425 (Mo. Ct. App. 2000), in regard to the duty of a motorist entering an intersection that:

> "This duty is not fulfilled by 'obeying a traffic signal and then proceeding into the intersection without making careful observations to determine whether there is no cross traffic in or so near to the intersection as to constitute an immediate danger.'" Riscaldante v. Melton, 927 S.W.2d 899, 902 (Mo.App.1996). To make a submissible case for failure to keep a careful lookout, the plaintiff must establish "that the [driver] saw or could have seen [the plaintiff] in time to have avoided the collision." Id.

> In determining what the defendant saw or could have seen, the defendant is "held to have seen what looking would reveal." Witt v. Peterson, 310 S.W.2d 857, 860 (Mo.1958).

In Gustafson v. Benda, 661 S.W.2d 11, 15 (Mo. 1983) (en banc), the Missouri Supreme Court adopted the principle of pure comparative fault in accordance with the Uniform Comparative Fault Act, § § 1-6.[3] See also Rill, 950 F.Supp. at 273; Cornell v. Texaco, Inc., 712 S.W.2d 680, 682

---

[3]     The Comparative Fault Act provides as follows:

Section 2. [Apportionment of Damages]
   (a) In all actions involving fault of more than one party to the action, including third-party defendants and persons who have been released under Section 6, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating:
      (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
      (2) the percentage of the total fault of all of the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under Section 6. For this purpose the court may determine that two or more persons are to be treated as a single party.
   (b) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
   (c) The court shall determine the award of damages to each claimant in

(Mo. 1986). As explained by the court in Rill, 950 F. Supp. at 271, under the pure comparative fault doctrine:

> [T]he injured party's own negligence is compared to that of the negligence of defendant to determine whether any damages awarded should be diminished in proportion to the amount of negligence attributable to that plaintiff. Cornell v. Texaco, Inc., 712 S.W.2d 680, 682 (Mo.1986) (en banc). Comparative fault is an affirmative defense in which the defendant must prove that the actions or omissions of the plaintiff contributed to the plaintiff's loss to negate or reduce the defendant's legal responsibility. Business Men's Assurance Co. v. Graham, 891 S.W.2d 438, 447 (Mo.Ct.App.1994). The parties in a negligence case have the right to have their case submitted to a jury under comparative fault principles if there exists substantial evidence, not mere speculation or conjecture, that plaintiff's conduct was a contributing cause of her damages. Hughes v. Palermo, 911 S.W.2d 673, 674 (Mo.Ct.App.1995).

Additionally, the speed at which a plaintiff was traveling at the time of a collision is relevant to whether the plaintiff was driving at a speed which, under the circumstances, prevented him from avoiding the collision; evidence must support the finding that the plaintiff was driving at excessive speed and that this speed was a direct and contributing cause of the accident. Lockwood v. Schreimann, 933 S.W.2d 856,858 (Mo. Ct. App. 1996) (citing Braniecki v. Mound City Yellow Cab Co., 861 S.W.2d 683, 685 (Mo. Ct. App. 1993)).

The court will first address Plaintiffs' argument that summary judgment should be granted in their favor in regard to Mr. Sparkman's negligence. Mr. Sparkman, as the operator of the Postal Service vehicle, had a duty to exercise the highest degree of care when traveling through the intersection. See Rill, 950 F. Supp. at 272. This duty included keeping a lookout for vehicles entering the intersection laterally such as Mr. Magill's. See id. As such, Mr. Sparkman was required

---

accordance with the findings, subject to any reduction under Section 6, and enter judgment against each party liable on the basis of rules of joint-and-several liability. For purposes of contribution under Sections 4 and 5, the court also shall determine and state in the judgment each party's equitable
share of the obligation to each claimant in accordance with the respective percentages of fault.

to stop the Postal Service vehicle at the stop sign; to be observant of traffic traveling laterally on Westwood; and to look in such an observant manner as to enable him to see what a person in the exercise of the highest degree of care would be expected to see under the circumstances. Even if Mr. Sparkman's vehicle made a complete stop at the stop sign he had a duty determine whether there was cross traffic so near the to the intersection as to constitute an immediate danger. See Hudson, 34 S.W.3d at 425. It is undisputed that there was no stop sign for traffic traveling on Westwood. Moreover, Mr. Sparkman testified in his deposition that the impact between the Postal Service Vehicle and Mr. Magill's motorcycle occurred within two to three seconds after Mr. Sparkman pulled forward after stopping at the stop sign. Under such circumstances, the court finds that the undisputed facts establish that Mr. Sparkman did not fulfil his duty of care under the circumstances and that, as such, he was negligent. Further, the court finds that the undisputed facts establish that Mr. Sparkman's negligence caused the impact.[4] The court finds, therefore, the undisputed facts establish Mr. Sparkman's negligence and that, therefore, summary judgment should be granted in favor of Plaintiffs on this issue . See Horn, 92 F.2d at 611; Rill, 950 F. Supp. at 272.

Plaintiffs in the matter under consideration assert that the court should take judicial notice of the speed at which Mr. Magill was traveling based deposition testimony. As stated above, Mr. Magill testified that he was traveling "thirty, thirty-five" miles per hour and that the speed limit was "thirty-five, forty." It goes without saying that calculation of Mr. Magill's speed is not appropriate for the court where it involves a resolution of disputed facts or conflicting facts.[5] Moreover, the facts

---

[4]        In its Answer to the First Amended Complaint, Defendant does not admit that either Plaintiff suffered damages as a result of the accident. Doc. 16. Plaintiff has not alleged as an undisputed fact that Plaintiffs suffered damages. Thus, whether or not Plaintiffs suffered damages and the extent of such damages, if any, must be established at trial.

[5]        O'Donnell v. United States, 477 F. Supp. 11,15 (E.D. Mo. 1979), cited by Plaintiffs in support of their position that the court should take judicial notice of the speed at

relevant to a determination the speed of Mr. Magill's vehicle and relevant to a determination of how far Mr. Magill was from the intersection when he first saw the Postal Service vehicle are in dispute as Mr. Magill testified that he was ten to twelve seconds behind his wife when he entered the intersection, as Ms. Magill testified that she did not recall seeing the Postal Service vehicle prior to the accident, as Mr. Magill testified that at the time of the accident he was traveling "thirty, thirty-five" miles per hour, as Mr. Sparkman testified that the impact occurred within two to three seconds of Mr. Sparkman's pulling forward after stopping at the stop sign, and as  and as Mr. Magill testified that from the time he saw the Postal Service vehicle slowing down until the time of impact was just a couple of seconds, "[i]f that."  The court finds, therefore, that there are genuine issues of material fact in regard to a determination or calculation of the speed at which Mr. Magill was traveling and in regard to the extent, if any, of Mr. Magill's fault. As such, the court further finds that there is a genuine issue of material fact in regard to whether Mr. Magill's conduct was a contributory cause of

which Mr. Magill's vehicle was traveling holds that "excessive speed may be proved by circumstantial evidence." Considering the circumstantial evidence that the plaintiff's vehicle was seen traveling fifty miles per hour prior to the accident, that there would not have been a reduction in the speed of the plaintiff's vehicle due to the grade of the road, and that the plaintiff's injuries caused his death, the court concluded that it was reasonable to conclude that the plaintiff was negligently traveling at an excessive speed at the time of the collision.  In the matter under consideration, as set forth above, the facts relevant to a determination of the speed of Mr. Magill's vehicle are disputed. Significantly, the only estimate of the speed of Mr. Magill's vehicle prior to impact is by Mr. Magill himself.

Additionally, in Lockwood v. Schreimann, 933 S.W.2d 856, 859 (Mo. Ct. App. 1994), also relied upon by Plaintiffs in support of their position that the court should take judicial notice of the speed at which Mr. Magill was traveling merely holds that a court can take judicial notice of how many feet per second a vehicle travels at a given speed; such a mathematical calculation differs from resolving conflicting facts to determine how fast a particular party was traveling at the time of an accident. As stated above, the only estimate of the speed of Mr. Magill's vehicle prior to impact is by Mr. Magill himself.

the damage. Because there is an insufficient basis upon which to determine whether comparative fault is applicable, the court will deny Plaintiffs' Motion for Partial Summary Judgment in this regard.

## CONCLUSION

The court finds for the reasons fully set forth above that summary judgment should be granted in Plaintiffs' favor on the issue of Mr. Sparkman's negligence. The court further finds that there are genuine issues of material fact in regard to whether comparative fault is applicable and that, therefore, Plaintiffs' Motion for Partial Summary Judgment should be denied in regard to this issue. The court finds, Plaintiffs' Motion for Partial Summary Judgment should be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment is **DENIED,** in part **, and GRANTED,** in part. (Doc. 20)

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 1st  day of  May, 2006.